IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LARRY BECKER, and** )<br>**BONNIE BECKER**, )<br>          )<br>          Plaintiff(s),     )<br>          )<br>V.          )<br>          )<br>**COUNTRY MUTUAL INSUR. CO., and** )<br>**EXCEL INDUSTRIES, INC.,** )<br>          )<br>          Defendant(s).    ) | Case No. **10-cv-286-MJR-DGW** |

MEMORANDUM AND ORDER

REAGAN, District Judge:

       Before the Court is Plaintiffs Larry and Bonnie Becker's ("the Beckers'") Motion to Remand this action to Illinois state court for all further proceedings. This civil action was commenced in Marion County Circuit Court on March 2, 2010. In Count One of their complaint (Doc. 7-1), the Beckers contend that Defendant Excel Industries, Inc. ("Excel"), is strictly liable for the damages they incurred when a riding lawn mower, manufactured by Excel, caught on fire while parked inside of their two-car garage. The Beckers claim that certain design and/or manufacturing defects caused the mower to catch on fire which resulted in the destruction of the mower and the contents of their garage; causing damage to the garage and one side of their house in the amount of $94,284.38. The Beckers had in effect a homeowners insurance policy issued by Defendant Country Mutual Insurance Company ("Country"). After submitting a claim for their loss, Country paid the Beckers $59,988.03. As a result, in

Count Two, the Beckers seek a declaratory judgment against Country that: (1) they are "the exclusive and proper party plaintiffs to pursue the claim against Excel"; (2) that "any reference to the payment by Country of a part of [their] loss be barred at the trial of the issues raised in Count [One]"; and (3) if they recover any damages under Count One, and a fund benefitting both the Beckers and Country is established, then Country shall bear its proportionate part of the Beckers' attorney's fees, costs and expenses pursuant to the Common Fund Doctrine.

Excel timely filed its Notice of Removal (Doc. 2), pursuant to 28 U.S.C. § 1446, on April 16, 2010. Excel alleges that this Court has subject matter jurisdiction in accordance with 28 U.S.C. § 1332, based on diversity of citizenship, and an amount in controversy exceeding the statutory requirement of $75,000, exclusive of costs and interest.[1] According to the pleadings, the Beckers are citizens of Illinois, Excel is a Kansas corporate citizen and Country is an Illinois corporation, and thus destroys diversity of citizenship. However, Excel alleges that Country—the only nondiverse defendant—was fraudulently joined as a party to this action for the sole purpose of defeating diversity jurisdiction. As such, Excel urges this Court to ignore Country's citizenship and dismiss it as a party because, according to Excel, no actual controversy exists between the Becker's and Country.

---

[1] There is a minor dispute between the parties regarding the alleged amount in controversy, but the Becker's contentions lack merit. In Count One of their complaint, the Beckers seek a judgment against Excel for the total amount of their loss, roughly $94,000. For purposes of satisfying the amount in controversy, this is the only amount that matters, and not—as the Beckers attempt to argue—other hypothetical claims for lesser amounts that are not before this Court. *See Oshana v. Coca-Cola Co.*, 472 F.3d 506, 513 (7th Cir. 2006) (what matters is the actual amount put in controversy on the day of removal).

Excel, as the removing Defendant, bears the burden of proof as to the existence of federal subject matter jurisdiction in this case. *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006), *citing McNutt v. General Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936)); *Fuller v. BNSF Ry. Co.*, 472 F. Supp. 2d 1088, 1091 (S.D. Ill. 2007). The removal statutes are construed narrowly, and doubts about the propriety of removal are resolved in favor of remand. *See Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). Here, the propriety of this Court's jurisdiction turns entirely upon the propriety of the Beckers' declaratory judgment action against Country.

The removing Defendant, Excel, contends that this Court can exercise jurisdiction in diversity because Country has been fraudulently joined to defeat diversity jurisdiction. In evaluating diversity of citizenship, a court must disregard a defendant that has been fraudulently joined. *See Schwartz v. State Farm Mut. Auto. Ins. Co.*, 174 F.3d 875, 878 (7th Cir. 1999); *LaRoe v. Cassens & Sons, Inc.*, 472 F. Supp. 2d 1041, 1045 (S.D. Ill. 2006). A defendant is fraudulently joined when "there is no possibility that a plaintiff can state a cause of action against [the] nondiverse defendant[ ] in state court, or where there has been outright fraud in plaintiff's pleading of jurisdictional facts." *Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir. 1993). *See also Hoosier Energy Rural Elec. Coop., Inc. v. Amoco Tax Leasing IV Corp.*, 34 F.3d 1310, 1315 (7th Cir. 1994); *Smith v. Merck & Co.*, 472 F. Supp. 2d 1096, 1098 (S.D. Ill. 2007). A defendant seeking removal based on alleged fraudulent joinder has the "heavy" burden of

proving that, after the court resolves all issues of law and fact in the plaintiff's favor, there is no possibility that the plaintiff can establish a cause of action against the diversity-defeating defendant in state court. *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992). *See also Asperger v. Shop Vac Corp.*, 524 F. Supp. 2d 1088, 1092 (S.D. Ill. 2007); *Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 (S.D. Ill. 2006).

Here, Excel does not allege fraud in the Beckers' pleading of jurisdictional facts against Country. Instead, Excel alleges that the Beckers cannot establish a cause of action against Country in state court because there is no actual controversy between the Beckers and Country and thus, the Beckers action for declaratory relief is improper.[2] As a result, the main issue for the Court to decide is whether the Beckers could establish any aspect of their declaratory judgment claim against Country in Illinois state Court. More specifically, whether a declaration can be sought against Country that the Beckers are the proper party to pursue the claim against Excel, and whether the Court can declare that Country must bear its proportionate share of the Beckers' attorney's fees, costs and expenses pursuant to the Common Fund Doctrine, assuming that such a fund eventually is created.

In Illinois, actions for declaratory judgment are governed by the Uniform Declaratory Judgment Act. 735 ILCS 5/2–701. "The essentials of a declaratory

---

[2] In its Reply Brief (Doc. 10) Excel notes that the Beckers appear to have abandoned their claim for a declaration regarding the admission of collateral sources. The Court agrees that the Beckers did not adequately develop this argument and as a result, it is implicitly waived. Indeed, one sentence that this claim was "brought in good faith and is not fraudulent" is utterly insufficient (Doc. 9, p. 5). Regardless, rendering a declaration regarding such a commonplace evidentiary issue is premature, unnecessary and thus, unwarranted.

judgment are (1) a plaintiff with a legal tangible interest; (2) a defendant having an opposing interest; and (3) an actual controversy between the parties concerning such interests." *Local 1894 v. Holsapple*, 559 N.E.2d 577, 584 (Ill. App. Ct. 1990). "For an actual controversy to exist, the case must present a concrete dispute admitting of an immediate and definitive determination of the parties' rights, the resolution of which will aid in the termination of the controversy or some part thereof." *Adkins Energy, LLC v. Delta-T Corp.*, 806 N.E.2d 1273, 1276 (Ill. App. Ct. 2004). This requirement is meant to insure that the issues to be decided "are not moot or premature." *Rockford Title Co. v. Staaf*, 654 N.E. 2d 1106, 1109. Indeed, "courts should not adjudicate declaratory judgment actions involving moot or hypothetical issues, or where a party seeks an advisory opinion or mere advice from the court regarding anticipated future difficulties." *Young v. Mory*, 690 N.E.2d 1040, 1043 (Ill. App. Ct. 1998).

   Here, the Court is unable to escape the conclusion that the Beckers are seeking declaratory judgment against Country on issues that are either premature, or would require this Court to issue a merely advisory opinion and thus, present no actual controversy. First, because Illinois law is clear, there is no actual controversy regarding the Beckers being the proper party to maintain this suit. The Court agrees that a partially subrogated insurer such as Country is a real party in interest and thus a necessary party. Fed. R. Civ. P. 17(a); *Wadsworth v. U.S. Postal Service*, 511 F.2d 64 (7th Cir. 1975). However, the Beckers fail to recognize that this means Country should be added as a party *plaintiff*, and thus complete diversity of citizenship would still exist.

Moreover, it has long been established that "if an insured plaintiff has even a *de minimus* pecuniary interest in the suit, that interest is sufficient to allow a subrogation action to be maintained in the plaintiff's name." *Radtke v. Int'l Heater Co., Inc.*, 488 N.E.2d 1352, 1354 (Ill. App. Ct. 1986). Thus, the Beckers clearly are a proper party to bring this dispute, and the Court agrees with Excel that no actual controversy on this issue exists.

Regarding the Common Fund Doctrine, and the Beckers' pursuit of a declaration that Country must pay its share of attorney's fees, this alleged controversy is premature as no fund has been created and indeed, it may not ever be created. Essentially, the Beckers (or rather, their counsel) want an assurance that their efforts to recover their entire loss will be rewarded with proportionate attorney's fees from Country. In other words, they are seeking advice from the court regarding anticipated future difficulties; namely, whether or not they will be able to recover fees from Country if or when a common fund is ever obtained. Thus, because no fund has been created, this issue is premature, and no actual controversy exists.[3] In sum, this Court finds that because the Beckers cannot establish an actual controversy with Country,

---

[3] Moreover, "in Illinois the attorney owns the claim for reimbursement for his services in creating a common fund." *Primax Recoveries, Inc. v. Sevilla*, 324 F.3d 544, 547 (7th Cir. 2003). As a result, "an action for attorney fees under the common-fund doctrine is usually brought in a separate motion by the attorney who seeks enforcement of the equitable remedy." *Stevens v. Country Mutual Ins. Co.*, 903 N.E.2d 733, 738 (Ill. App. Ct. 2008). It thus appears to be an unsettled issue in Illinois whether plaintiffs, such as the Beckers, even have standing to assert claims under the Common Fund Doctrine. If they don't, then of course declaratory judgment for the Beckers on this issue would be inappropriate. The unsettled state of Illinois law in this area militates in favor of denying the Beckers' Motion to Remand because federal courts have "limited discretion … with respect to untested legal theories brought under the rubric of state law." *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 635 (7th Cir. 2007). As such, a "federal court is not the place to press innovative theories of state law." *Anderson v. Marathon Petro. Co.*, 801 F.2d 936, 942 (7th Cir. 1986).

declaratory judgment is improper, Excel has met its burden of showing that there is no possibility that the Beckers could assert a legitimate cause of action against Country in an Illinois State Court.

In light of the foregoing, the Court thus concludes that Country was fraudulently joined for the sole purpose of defeating diversity jurisdiction. As a result, the Court will ignore Country's citizenship for jurisdictional purposes and complete diversity of citizenship exists. The Beckers' Motion to Remand this action to state court (Doc. 8) is hereby **DENIED**. And, because no legitimate cause of action against Country exists, Defendant Country Mutual Insurance Company is **DISMISSED without prejudice** as a party to this action. The remaining cause of action between the Beckers and Excel shall proceed in this Court.

**IT IS SO ORDERED.**

**DATED: January 24, 2011**

s/ *Michael J. Reagan*
**MICHAEL J. REAGAN**
**UNITED STATES DISTRICT JUDGE**